13-702
Weng v. Holder

BIA
Vomacka, IJ
A099 993 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:
    ROSEMARY S. POOLER,
    GERARD E. LYNCH,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

QISING WENG, AKA QI FENG,
        *Petitioner,*

        v.                                    13-702
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Qising Weng, a native and citizen of the People's Republic of China, seeks review of a January 29, 2013, decision of the BIA affirming a May 27, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qising Weng*, No. A099 993 943 (B.I.A. Jan. 29, 2013), *aff'g* No. A099 993 943 (Immig. Ct. N.Y. City May 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Weng asserted eligibility for asylum based on his arrest, detention, and beatings for his practice of Falun Gong in China, and his fear of future harm due to his continuing practice of Falun Gong. The agency failed to clearly state its justification for rejecting Weng's past persecution claim. It is unclear to what extent the IJ's analysis was based on credibility concerns. And although the BIA assumed credibility, and concurred with the IJ's decision that Weng failed to meet his burden of proof as to his fear of future persecution, it failed to analyze Weng's allegations of past persecution.

Where an asylum applicant demonstrates past persecution he is entitled to a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The burden then is not on the alien but the government to rebut the presumption. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 105 (2d Cir. 2006). Only where there has been no past persecution does the burden remain on the applicant to demonstrate a well-founded fear. *See Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009). The IJ appeared to base his past persecution finding on credibility concerns combined with a lack of evidence regarding Weng's current

3

practice of Falun Gong, but the BIA assumed credibility and then gave no explanation of how the future fear finding or failure to meet the burden of proof applied to past harm. This lack of clarity with respect to Weng's allegations of past harm hinders our review. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions denying asylum to enable meaningful judicial review). Accordingly, we remand for the agency to determine whether Weng met his burden of establishing past persecution based on a protected ground and, in turn, whether he was entitled to a presumption of a well-founded fear of persecution on that basis. *See* 8 C.F.R. § 1208.13(b)(1).

For the foregoing reasons, the petition for review is GRANTED. The case is REMANDED for further proceedings, and the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk